UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

**CRIMINAL NO. 05-6-DLB**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**VS.**

**JASON WAYNE ARTRIP**                                                 **DEFENDANT**

**REPORT AND RECOMMENDATION**

On June 2, 2006 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, JASON WAYNE ARTRIP, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Dean Pisacano and the United States was present through Assistant United States Attorney, Tony Bracke. The proceedings were recorded by official court reporter Lisa Wiesman and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted in open court violating the terms of his supervised release as described in the April 26, 2006 violation report of U.S.P.O. Anthony C. Josselyn.

After a guilty plea to one count of Armed Bank Robbery and one count of Brandishing a Firearm in the Commission of a Crime of Violence, the defendant was sentenced on September 7, 1999 in U.S. District Court for the Northern District of Alabama to 72 months imprisonment followed by a 4-year term of supervised release with substance abuse aftercare, mental health treatment, mandatory drug testing, and $7,288.00 in restitution. Artrip's supervised release began on August 5,

2005.

This Court accepted transfer of jurisdiction from the Northern District of Alabama on February 4, 2005 and the Court modified the defendant's supervision conditions to place him in a halfway house for 60 days as the result of numerous Grade C violations, i.e., failing to make any payments toward restitution, failing to advise the probation office of a residential relocation, failing to notify the probation office of a change in employment, and failing to maintain monthly contact with the probation office as instructed. However, the defendant did not begin the halfway house program because he was arrested on June 5, 2005 by the Grant County Sheriff and charged with Assualt 4th. On July 25, 2005 this Court revoked defendant's supervised release and sentenced him to 45 days imprisonment followed by a 3-year term of supervised release including 2 months in a halfway house. Artrip now stands charged with the following violations:

**VIOLATION #1 - THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME.**

Artrip was arrested on April 2, 2006 in Boone County, Kentucky and charged with driving under the influence of alcohol and fleeing/evading police, 1st Degree. When the defendant's vehicle finally stopped at the truck scales on I-71, he admitted to drinking alcohol and indicated he was probably intoxicated.

**VIOLATION #2 - THE DEFENDANT SHALL ATTEND ANGER MANAGEMENT AS A CONDITION OF HIS SUPERVISION.**

Jason Artrip has not attended anger management sessions since March 21, 2006.

**VIOLATION #3 - THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $7,288.00 UNDER A PAYMENT PLAN OF $100 PER MONTH.**

Mr. Artrip has not made a payment since January 27, 2006. The defendant only made two payments during 2005, a $100 payment on October 28, 2005 and a $100

payment on December 1, 2005.  His restitution payment plan is presently in default status.

**VIOLATION #4 - THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICE AT LEAST 10 DAYS PRIOR TO ANY CHANGE IN RESIDENCE OR EMPLOYMENT.**

On April 11, 2006, a home inspection was attempted at Mr. Artrip's residence in Dry Ridge.  A neighbor advised the probation office Mr. Artrip was evicted from his residence 2 days prior to the attempted home inspection. Mr. Artrip did not disclose his relocation/eviction and his present whereabouts are unknown.

**VIOLATION #5 - THE DEFENDANT SHALL SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH.**

Jason Artrip has not submitted a monthly report form to the Covington office since January 2006.

The parties have reached an agreement for the appropriate punishment and the Court being satisfied from dialogue with the defendant that he has had ample time to discuss the pending charges with counsel and enters this agreement knowingly and voluntarily, accordingly;     **IT IS RECOMMENDED:**

1.     That the defendant be found to have violated the terms of his supervised release as set out above;

2.     That the defendant, JASON WAYNE ARTRIP, be sentenced to the custody of the Attorney General for **TWELVE (12) MONTHS AND ONE (1) DAY** with no supervised release to follow, and that the defendant serve his sentence at a Federal Penal Facility in Lexington, Kentucky or as close thereto as possible;

3.     That the defendant pay immediate restitution in the sum of $6,406.00.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within ten (10) days.** A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 2nd day of June, 2006.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge